UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION
_____

JERMAINE HARDY,

        Plaintiff,

v.

D. BESTEMEN et al.,

        Defendants.

_____/

Case No. 2:17-cv-00080

Honorable Gordon J. Quist

## OPINION

This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983. Under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint for failure to state a claim.

### Discussion

**I.    Factual allegations**

Plaintiff is presently incarcerated with the Michigan Department of Corrections (MDOC) at Earnest C. Brooks Correctional Facility, (LRF) in Muskegon Heights, Muskegon County, Michigan. The events about which he complains occurred at the Kinross Correctional

Facility (KCF) in Kincheloe, Chippewa County, Michigan. Plaintiff sues Classification Director D. Bestemen, Corrections Officer Unknown Nault, and Unknown Party named as Deputy Warden Sergeant John Doe.

Plaintiff alleges that he was transferred to KCF on January 31, 2017. On February 15, 2017, Defendant Bestemen called Plaintiff out for his initial classification. During the meeting, Defendant Bestemen told Plaintiff that he must pick between a porter job and yard crew detail, and then two jobs of his choice. Plaintiff told Defendant Bestemen that he wanted food service, health care porter, or general porter. Defendant Bestemen told Plaintiff that he could not have the jobs of his choice because he had an issue with over familiarity. Plaintiff filed a grievance on Defendant Bestemen and indicated in the body of the grievance that he would be suing Defendant Bestemen. Plaintiff's step I grievance and his step II appeal were both denied. Plaintiff's step III appeal was pending at the time that Plaintiff filed his complaint in this Court.

On April 1, 2017, Plaintiff was placed on yard crew detail. On April 11, 2017, Corrections Officer Miller presented Plaintiff with a reclassification form and asked Plaintiff to sign it. However, Plaintiff told Miller that he did not agree with the information on the form and refused to sign it. Plaintiff also told Miller that he had legal matters pending against Defendant Bestemen and Miller said, "no problem." On April 12, 2017, Plaintiff received notice that he was to see Defendant Bestemen for reclassification. While Plaintiff was in the waiting area, he asked an unknown corrections officer to be present during the reclassification, but the officer refused. Defendant Bestemen appeared and Plaintiff told him that he did not understand why he was being reclassified. Plaintiff expressed concern over being in Defendant Bestemen's office alone and Defendant Bestemen became angry. Defendant Bestemen yelled that Plaintiff should go into his

2

office or leave. Plaintiff stated that he was afraid of going into the office because of Defendant Bestemen's anger. Plaintiff left the area seconds later.

When Plaintiff arrived at the housing unit, Corrections Officer Nault told him that Defendant Bestemen had called and wanted Plaintiff back in the programs building. Plaintiff told Defendant Nault what had just happened. Defendant Nault stated that if Plaintiff did not go, he would have Defendant Bestemen give Plaintiff a direct order to go to the programs building, so Plaintiff complied. When Plaintiff arrived back in the programs building, Defendant Bestemen asked for his ID card and stated that he was writing two misconduct tickets on Plaintiff, one for disobeying a direct order, and the second for being out of place. When Plaintiff protested and tried to explain that he was afraid to go into Defendant Bestemen's office, Defendant Bestemen told Plaintiff to leave immediately, and stated that Plaintiff would be back on callout the next day.

On April 13, 2017, Plaintiff was reviewed on the misconduct tickets by Defendant Unknown Party. Plaintiff explained the situation and asked Defendant Unknown Party if he would intervene on Plaintiff's behalf because Defendant Bestemen had promised more misconduct tickets in an attempt to send Plaintiff to level IV. Defendant Unknown Party ordered Plaintiff to leave the control center. Plaintiff then went to the programs building, where Defendant Bestemen ordered Plaintiff to go into his office to discuss his reclassification. Plaintiff expressed fear of going into the office, but Defendant Bestemen told him if he did not, he would continue to receive misconduct tickets. Defendant Bestemen stated that he was not going to do anything to Plaintiff in his office, but if he could get away with it, he would take Plaintiff into the woods and blow his head off. Plaintiff then returned to his housing unit and Defendant Bestemen wrote Plaintiff a misconduct for disobeying a direct order. Plaintiff was found guilty of all three misconduct tickets.

3

Plaintiff called his mother and asked her to file a police report on Defendant Bestemen. The state police told Plaintiff's mother to call the inspector of the facility, but said that they would turn the allegations over to a detective. Plaintiff states that the misconduct tickets that Defendant Bestemen has written and threatens to write will subject Plaintiff to a higher security level. Plaintiff also claims that Defendants Unknown Party and Nault worked in concert to encourage Defendant Bestemen's conduct.

Plaintiff seeks a "temporary restraining order requiring Bestemen and his supporting cast to refrain from putting [Plaintiff] on duplicate callouts only to write [Plaintiff] misconducts knowing [Plaintiff is] fearful of physical harm in an attempt to increase [Plaintiff's] security level."

## II. Failure to state a claim

A complaint may be dismissed for failure to state a claim if it fails "'to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at

4

678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

The record indicates that Plaintiff has been transferred out of KCF and is now incarcerated at the Earnest C. Brooks Correctional Facility in Muskegon, Michigan. Therefore, he is no longer under the control or custody of the defendants. The Sixth Circuit has held that transfer to another prison facility moots prisoner injunctive and declaratory claims. *Kensu v. Haigh*, 87 F.3d 172, 175 (6th Cir. 1996); *Mowatt v. Brown*, No. 89-1955, 1990 WL 59896 (6th Cir. May 9, 1990); *Tate v. Brown*, No. 89-1944, 1990 WL 58403 (6th Cir. May 3, 1990); *Howard v. Heffron*, No. 89-1195, 1989 WL 107732 (6th Cir. September 20, 1989); *Williams v. Ellington*, 936 F.2d 881 (6th Cir. 1991). These Sixth Circuit opinions contain only brief explanations of the reasoning supporting this rule. Underlying the rule is the premise that injunctive relief is appropriate only where plaintiff can show a reasonable expectation or demonstrated probability that he is in

immediate danger of sustaining direct future injury as the *result* of the challenged official conduct. *Los Angeles v. Lyons*, 461 U.S. 95, 102 (1983). Past exposure to an isolated incident of illegal conduct does not, by itself, sufficiently prove that the plaintiff will be subjected to the illegal conduct again. *See, e.g., Lyons*, 461 U.S. at 102; *Alvarez v. City of Chicago*, 649 F. Supp. 43 (N.D. Ill. 1986); *Bruscino v. Carlson*, 654 F. Supp. 609, 614, 618 (S.D. Ill. 1987), *aff'd*, 854 F.2d 162 (7th Cir. 1988); *O'Shea v. Littleton*, 414 U.S. 488, 495-496 (1974). A court should assume that, absent an official policy or practice urging unconstitutional behavior, individual government officials will act constitutionally. *Lyon*, 461 U.S. at 102; *O'Shea*, 414 U.S. at 495-496.

In the present action, the possibility that Plaintiff will be subjected to the same alleged unconstitutional activity is too speculative to warrant injunctive relief. There has been no showing of a "reasonable expectation" nor a "demonstrated probability" that Plaintiff will be returned to KCF and be subjected to these allegedly unconstitutional conditions by the same defendants. Thus, there is no evidence of "immediate danger" of injury. Accordingly, Plaintiff's requests for injunctive relief are properly dismissed.[1] Because Plaintiff is only seeking injunctive relief, his complaint will be dismissed in its entirety.

In addition, Plaintiff's pending motions (ECF Nos. 4-6) are denied as moot.

## **Conclusion**

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Plaintiff's complaint be dismissed for failure to state a claim, under 28

---

[1] The exception which provides that a claim does not become moot where it is capable of repetition, yet evades review, does not apply. This doctrine applies only in exceptional circumstances, and generally only where the plaintiff "can make a reasonable showing that he will again be subjected to the alleged illegality." *Lyons*, 461 U.S. at 109. This the Plaintiff cannot do here.

U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). This is a dismissal as described by 28 U.S.C. § 1915(g).

A Judgment consistent with this Opinion will be entered.

Dated: November 22, 2017                                          /s/ Gordon J. Quist
                                                                      GORDON J. QUIST
                                                              UNITED STATES DISTRICT JUDGE